COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-531-CR
 
 
WARREN 
DAVIS                                                                  
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
            
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------

A jury 
convicted Appellant Warren Davis of aggravated assault with a deadly weapon and 
assessed his punishment at fifteen years= 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice.  The trial court sentenced 
him accordingly.  Appellant brings a 
single point, complaining that the trial court erred by including an instruction 
on serious bodily injury in the jury charge at the guilt phase of the 
trial.  Because we hold that the 
trial court did not err, we affirm the trial court=s 
judgment.
The 
indictment charged Appellant with intentionally or knowingly causing bodily 
injury to the complainant by shooting him with a firearm and with using or 
exhibiting a deadly weapon during the commission of the assault.  In the jury charge, the trial court 
defined deadly weapon as a firearm or anything manifestly designed, made, or 
adapted for the purpose of inflicting death or serious bodily injury or anything 
that in the manner of its use or intended use is capable of causing death or 
serious bodily injury.[2]  The trial court then defined serious 
bodily injury as bodily injury that creates a substantial risk of death or that 
causes death, serious permanent disfigurement, or protracted loss or impairment 
of the function of any bodily member or organ.[3]  Appellant did not object to the 
definition at trial.
 
 
 

We 
hold that the trial court properly instructed the jury on the definition of 
serious bodily injury as part of the definition of deadly weapon.  We overrule Appellant=s sole 
point and affirm the trial court=s 
judgment.
 
 
LEE ANN 
DAUPHINOT
JUSTICE
PANEL 
B:   DAUPHINOT, WALKER, and 
MCCOY, JJ.
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED:  December 8, 
2005




[1]See Tex. R. App. P. 
47.4.

[2]See Tex. Penal Code Ann. ' 1.07(a)(17) (Vernon Supp. 
2005).

[3]See id. 
' 
1.07(a)(46).